UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AYMER PEREZ GABRIEL,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-297

Honorable Jane M. Beckering

## **OPINION**

    Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.    Procedural History**

    In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.)

    In an Order entered on February 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on February 5, 2026 (ECF No. 6.), and Petitioner filed his reply later that same day (ECF No. 7).

## II.     Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States in 2011. (Pet., ECF No. 1, PageID.4.) On December 10, 2025, Petitioner was arrested by ICE in Chicago. (*Id.*)

On December 29, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Perez Gabriel v. Noem* (*Perez Gabriel I*), No. 1:25-cv-1925 (W.D. Mich.). In *Perez Gabriel I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Perez Gabriel I*, (W.D. Mich. Jan. 20, 2026), (ECF Nos. 6, 7).

On January 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At that hearing, "Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, owned a successful business, was an active member of his church, and had many ties to his community." (*Id.*) "The government presented a Form I-213, stating that Petitioner had given border officials a fake name and date of birth when he attempted to cross the border as a minor child." (*Id.*) At the conclusion of the January 27, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.8.)

## III.    Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

*v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.   Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing, within five business days, before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   February 23, 2026                              /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge